UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CREAMUS HOWARD,

    Plaintiff,

v.

No. 05-72323
Hon. Arthur J. Tarnow

PATRICIA CARUSO,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES [2], AND DENYING AS MOOT PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL [3]

    Plaintiff filed his complaint in this case on June 13, 2005. That same day, Plaintiff filed an application to proceed without prepayment of fees as well as an application for appointment of counsel. For the reasons that follow, the Court will DISMISS Plaintiff's complaint without prejudice and will DENY AS MOOT Plaintiff's applications.

    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

    To show exhaustion, Plaintiff must provide documentation showing exhaustion by either "attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d at 642 (6th Cir. 2000).

    Also, under Sixth Circuit law, an amended pleading cannot cure Plaintiff's failure to

properly plead exhaustion. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).

In this case, Plaintiff checked boxes on his prisoner civil rights complaint form indicating he filed a step 1 grievance as well as step 2 and step 3 appeals. However, Plaintiff's complaint does not describe any of these proceedings and their outcome, nor does it attach any copies of administrative dispositions.

Plaintiff's complaint does not satisfy the exhaustion requirement of the PLRA, as interpreted by the Sixth Circuit. Therefore,

IT IS HEREBY ORDERED that Plaintiff's complaint is dismissed with prejudice so that he may exhaust his administrative remedies and properly plead exhaustion in the event he files another lawsuit;

IT IS FURTHER ORDERED that Plaintiff's application to proceed without prepayment of fees is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel is DENIED AS MOOT.

IT IS SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: 6/24/05

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2005 by electronic and/or ordinary mail.

s/Kendra Byrd
Case Manager